IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUDY T. GERAGHTY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:06-cv-00002-RRB<br><br><br>ORDER GRANTING<br>WAIVER OF FILING FEE<br>AND DIRECTING<br><u>SERVICE  AND  RESPONSE</u> |

Judy T. Geraghty, representing herself, has filed an action under the Federal

Torts Claims Act, alleging medical malpractice by agents of the United States.[1]

Ms. Geraghty has also filed an application to waive the filing fee, under 28 U.S.C.

---

[1]  *See* Docket No. 1.  *See also, Vickers v. United States*, 228 F.3d 944, 948-49  (9th Cir. 2000) (quoting  *Rayonier, Inc. v. United States*, 352 U.S. 315, 319 (1957), and *United States v. Muniz*, 374 U.S. 150, 163 (1963)) ("The Federal Torts Claims Act is a limited waiver of the United States' traditional sovereign immunity, authorizing certain civil tort suits against the government for monetary damages.... Specifically, the FTCA grants federal courts jurisdiction to hear claims for damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

§ 1915, showing that she is unable to pay the $250.00 filing fee in this case.[2]  The

complaint, liberally construed, may state a cause of action for certain relief.[3]


**IT IS HEREBY ORDERED**:

1.    Ms. Geraghty's application to waive fees, at Docket No. 2, is GRANTED.

2.    Ms. Geraghty shall proceed with the steps outlined in this Order to insure that

      service of process is completed within 120 days of the date she filed her

      complaint.[4]

3.    The Clerk of Court shall send Ms. Geraghty three summons forms with this

      Order. Ms. Geraghty must complete the summons forms for defendant, the

      **United States of America**,[5] and return the completed original forms, plus two

---

[2]  *See* Docket No. 2.

[3]  *See Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) ("The 'complaint should not be dismissed unless it appears beyond doubt that [Jackson] can prove no set of facts in support of the claim that would entitle [Jackson] to relief.' *Thompson*, 295 F.3d at 895. 'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.' *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).").

[4]  *See* FED. R. CIV. P. 4(m).

[5]  When the United States, its agencies, corporations or officers, are defendants, in addition to the defendants, the plaintiff must serve: Timothy M. Burgess, United States Attorney for the District of Alaska, 222 West 7th Ave., Mail Box 9, Anchorage, Alaska 99513; and Alberto Gonzales, Attorney General of the United States, Main Justice Building, 10th &

copies for everyone to be served, to the Court for signature and seal. If the summonses are in proper form, they will be issued for service.[6]

4.　Once Ms. Geraghty receives the summonses **issued** by the Clerk of Court (not the blank forms, which plaintiff must complete and send back to the Court), she shall send, **for everyone to be served,** a fully completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order to:

> United States Marshal
> 222 West 7th Avenue, Box 28
> Anchorage, Alaska 99513

5.　When the United States Marshal receives from Ms. Geraghty an appropriately completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order **for each defendant**, the Marshal shall serve a copy of the complaint, summons and this Order upon the defendant. All costs of this service shall be paid in advance by the United States. **Ms. Geraghty is responsible for paying the U.S. Marshal's fees and costs, however, and will be billed for these fees and costs after service of process is complete.**

---

Constitution Ave. NW, Washington, D.C. 20530. The United States defendant then has 60 days in which to respond. *See* FED. R. CIV. P. 4(i).

　　[6]　*See* FED. R. CIV. P. 4(b).

6.     Defendant shall have sixty  (60) days after the date of service to file an

answer or other responsive pleading.

7.     Ms. Geraghty must serve a copy of all further papers she sends or delivers to

the Court upon the United States Attorney.  Ms. Geraghty will include, with

any original paper to be filed with the Clerk of Court, a certificate stating the

date that an exact copy of the document was sent to the United States

Attorney.  A certificate of service may be written in the following form at the

end of her document:

I hereby certify that a copy of the above (name of document) was sent
by (mail/fax/hand-delivery), to the United States Attorney, at 222 West
7th Ave., Mail Box 9, Room 253, Anchorage, Alaska 99513 on (date).

_____
(Ms. Geraghty's Signature)

Any paper received by a District Court Judge or Magistrate Judge which has

not been filed with the Clerk of Court or which does not include a certificate

of service will be disregarded by the Court.

8.     Ms. Geraghty shall provide the Court with the original, plus one complete and

legible copy, of every paper she submits for filing, as required by this Court's

Local Rule 10.1(b).

9.     At all times, Ms. Geraghty shall keep the Court informed of any change of

address.  Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS."

The notice shall contain **only** information about the change of address, and

its effective date.  The notice shall not include any requests for any other

relief.  Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

10.    No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a District Court Judge or Magistrate Judge of this Court about the merits of this action..  Ms. Geraghty should not write letters to the Court, but must file any requests for action by the Court during these proceedings in the form of a **motion**.

11.    The Clerk of Court is directed to send a copy of the Court's motion form, PS12, to Ms. Geraghty with this Order.

12.    The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Ms. Geraghty with this Order.

DATED this 1st day of March, 2006,  at Anchorage, Alaska.


/S/RALPH R. BEISTLINE
United States District Judge